**HAYWIN TEXTILE PRODUCTS, INC., Plaintiff–Appellee,**

v.

**INTERNATIONAL FINANCE INVESTMENT AND COMMERCE BANK LIMITED, Defendant–Appellant.**

No. 010–9190.

United States Court of Appeals, Second Circuit.

June 24, 2002.

Martin L. Brothers, New York, NY, for Appellant.

Richard S. Last, Foreht, Last, Landau, Miller & Katz, LLP, New York, NY, for Appellee.

Present McLAUGHLIN, JACOBS, and LEVAL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

International Finance Investment and Commerce Bank Limited ("IFIC") appeals from the district court's grant of summary judgment, awarding Haywin Textile Products Inc. reimbursement of a debt owed to Haywin by Azmat Bangladesh Ltd. ("Azmat"), on the ground that IFIC had agreed, as a successor, to assume all the debts of Azmat. We affirm.

IFIC, as a creditor of Azmat, took possession of all outstanding shares of Azmat stock, caused all of Azmat's assets to be sold, arranged to receive all of the sale proceeds, and (in the asset sale contract between IFIC, Azmat, and the asset buyer) agreed to pay all of Azmat's debts (past, present, and future). Under such

circumstances, a finding of successor liability was not inappropriate. *See American Buying Ins. Serv. v. S. Konreich & Sons,* 944 F.Supp. 240, 249 (S.D.N.Y.1996) ("In general successor liability will lie [under New York law] when [*inter alia*] ... there is an express or implied agreement to assume the other company's debts and agreements.").